**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| EMIGUELA PACI, on behalf of herself and all others similarly situated, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | Case No. |
| GLOBE CONNECT, INC. ) ) | |
| Defendant. ) | JURY DEMAND |

**COMPLAINT - CLASS ACTION**

**INTRODUCTION**

1. Plaintiff Emiguela Paci brings this action to secure redress for the actions of defendant Globe Connect , Inc. (hereinafter referred to as "Defendant") for violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 ("FCRA").

**PARTIES**

2. Plaintiff Emiguela Paci is an individual who resides in this District.

3. Defendant Globe Connect, Inc is an Illinois corporation and operates as a cell phone accessory store at 4836 N. Cumberland Ave, Norridge, IL 60706.

**JURISDICTION AND VENUE**

4. This Court has federal question subject matter jurisdiction. 28 U.S.C. § 1331. Venue lies in this district because a substantial portion of the events took place here. 28 U.S.C. § 1391.

**FACTS**

5. On June 20, 2013, Plaintiff made a purchase at Globe Connect using her Debit Card.

6. On June 21, 2013, Plaintiff made a purchase at Globe Connect using her Debit Card.

7. The receipts which Plaintiff received from the above referenced transactions displayed the first ten digits of Plaintiff's debit card number along with her full name.

### COUNT I - FAIR CREDIT REPORTING ACT 15 U.S.C. § 1681c(g)

8. Plaintiff incorporates ¶¶ 1-7.

9. Defendant has a legal obligation to truncate debit and credit card numbers on customer receipts so that no more than the last five digits of the account number are visible.

10. The receipt that Defendant provided to Plaintiff displayed the first ten digits of Plaintiff's debit card number.

11. Defendant therefore violated the FCRA, 15 U.S.C. § 1681c(g) which requires that "no person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction". As a result of Defendant's illegal conduct, the members of the class are entitled to collect up to $1000 in statutory damages per violation of this provision.

### CLASS ALLEGATIONS

12. Plaintiff brings this claim on behalf of a class that consists of:

(1) All persons in the State of Illinois (2) who made a purchase at Defendant's store using a credit or debit card (3) who were presented a receipt displaying more than the last five digits of the consumer's credit or debit card number (4) from a date two years preceding and twenty days following the filing of this complaint.

13. Plaintiff represents and is a member of the Class. Excluded from the Class are Defendant and any entities in which Defendant has a controlling interest, Defendant's agents and employees, the Judge to whom this action is assigned and any member of the Judge's staff and immediate family, and claims for personal injury, wrongful death and/or emotional distress.

14. Plaintiff does not know the exact number of members in the Class and Sub-Classes, but based upon the uniform nature of receipts, plaintiff reasonably believes that class members number at minimum in the hundreds if not thousands.

15. Plaintiff and all members of the class have been harmed by the acts of defendant.

16. This Class Action Complaint seeks money damages and injunctive relief.

17. The joinder of all class members is impracticable due to the size and relatively modest value of each individual claim. The disposition of the claims in a class action will provide substantial benefit the parties and the Court in avoiding a multiplicity of identical suits. The class can be identified easily through records maintained by Defendant.

18. There are questions of law and fact common to the members of the class and sub-class, which common questions predominate over any questions that affect only individual class members. Those common questions of law and fact include, but are not limited to, the following:

    a. Whether Defendant used equipment that printed an impermissible number of digits of a customer's credit or debit card number on the customer's receipt;

    b. Whether Defendant's equipment is exempted by the law;

    b. Whether Defendant thereby violated the FCRA;

19. As a person who received a receipt displaying ten digits of her debit card number plaintiff asserts claims that are typical of the members of the class. Plaintiff will fairly and adequately represent and protect the interests of the class, and have no interests which are antagonistic to any member of the class.

20. Plaintiff has retained counsel experienced in handling class action claims involving violations of federal and state consumer protection statutes such as the FCRA.

21. A class action is the superior method for the fair and efficient adjudication of this controversy. Class wide relief is essential to compel defendant to comply with the FCRA. The interest of class members in individually controlling the prosecution of separate claims against Defendant is small because the statutory damages in an individual action for violation of the FCRA are small. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated and the class members, by definition, did not provide the prior express consent required under the statute to authorize calls to their cellular telephones.

22. Defendant has acted on grounds generally applicable to the class and sub-class, thereby making final injunctive relief and corresponding declaratory relief with respect to the class as a whole appropriate. Moreover, Plaintiff alleges that the FCRA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the class, and against Defendant for:

    a. Statutory damages;

    b. Actual damages;

      c.      Punitive damages;

      d.      Attorney's fees and costs of suit; and

      e.      Such other or further relief as the Court deems just and proper.

                                  /s/Keith J. Keogh
                                  Keith J. Keogh

Keith J. Keogh
Timothy Sostrin
Katherine M. Bowen
KEITH J. KEOGH, LTD.
55 W. Monroe St., Suite 3390
Chicago, Illinois 60603
312.726.1092 (office)
312.726.1093 (fax)
Keith@KeoghLaw.com

## JURY DEMAND

Plaintiff demands trial by jury.

                                  /s/Keith J. Keogh
                                  Keith J. Keogh